**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-7265**

---

DOUGLAS A. HOGLAN,

       Plaintiff - Appellant,

    v.

A. DAVID ROBINSON, Chief of Corrections Operations for VDOC; K. M. CROWDER-AUSTIN, Regional Ombudsman; A. POGUE, Western Region Operations Manager at VDOC; JAMES G. BRUCE, Manager of the VDOC Policy and Initiatives Unit; W. HUDSON, Postal Assistant, Green Rock Correctional Center; H. SIMS, Postal Assistant, Green Rock Correctional Center; CHARLES CRUMPLER, Operations Manager, Green Rock Correctional Center; K. WILSON, Investigator, Green Rock Correctional Center; BERNARD W. BOOKER, Former Warden, Green Rock Correctional Center; MELVIN DAVIS, Current Warden, Green Rock Correctional Center,

       Defendants - Appellees,

    and

MARCUS ELAM, Regional Administrator; MELISSA WELCH, Operations Support Manager for VDOC,

       Defendants.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Michael F. Urbanski, Chief District Judge. (7:16-cv-00595-MFU-JCH)

---

Submitted: December 1, 2023                  Decided: February 20, 2024

Before THACKER, HARRIS, and BENJAMIN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Douglas A. Hoglan, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas A. Hoglan appeals the district court's order sustaining the Appellees' objections to the magistrate judge's report and recommendation and granting summary judgment to the Appellees on Hoglan's 42 U.S.C. § 1983 claims. We affirm.

We review the district court's summary judgment ruling de novo, "applying the same legal standards as the district court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020). In doing so, we afford "substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

We conclude that the Virginia Department of Corrections ("VDOC") Operating Procedure ("OP") 803.1 declaring that all incoming email with attached photographs and pictures must comply with the regulations applicable to personal photographs and pictures to be rationally related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78 (1987) (listing four factors to consider when inmate is claiming a policy or regulation impinges upon a constitutional right). Pursuant to the *Turner* factors, we note that Hoglan has a readily available alternative means of receiving commercially distributed photographs of semi-nude individuals. And evidence in the record supports that without OP 803.1, VDOC staff members may be burden by additional screening processes if they were to be required for emails as well as paper mail. Finally, we hold that Appellant has not met his high burden of proving that OP 803.1 is merely an "exaggerated response to

3

prison concerns." *Id.* at 90.  We are not at liberty to direct the VDOC as to what means would be most appropriate to meet its penological interests so long as the VDOC's policy is reasonably related to those goals. *Overton*, 539 U.S. at 132.

We further agree that the Appellees were entitled to qualified immunity on Hoglan's claims concerning the disapproval of commercially available photographs sent by email and mail.  In evaluating an official's qualified immunity claim, the Court considers two issues: (1) "whether a constitutional violation occurred," and (2) "whether the [constitutional] right violated was clearly established." Hensley v. Price, 876 F.3d 573, 580 (4th Cir. 2017) (internal quotations omitted).   Whether a violation occurred depends on whether the government acted reasonably in the specific circumstances before the court. *Williams v. Strickland*, 917 F.3d 763, 768 (4th Cir. 2019).  Here, we affirm for the reasons thoroughly detailed by the district court.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4